THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALAN SIMONS, | : | C.A. NO. 2:21-cv-00129-CMR |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BUCHANAN INGERSOLL & ROONEY PC, | : | |
| and ROYER COOPER COHEN BRAUNFELD | : | |
| LLC, | : | |
| | : | |
| Defendants | : | |

**DEFENDANT BUCHANAN INGERSOLL & ROONEY PC'S
BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY**

Defendant Buchanan Ingersoll & Rooney PC ("Buchanan"), submits this Brief in Support of its Motion to Compel Discovery from plaintiff Alan Simons ("Simons").

## INTRODUCTION

Simons filed this case more than a year ago, alleging legal malpractice claims against Buchanan, despite the fact that Buchanan never represented Simons. The Court recently granted Buchanan's Motion to Dismiss several counts of the Amended Complaint. Buchanan now moves to compel Simons to fully respond to Buchanan's Interrogatories and Second Set of Requests for Admission.

Buchanan's Interrogatories seek basic information regarding Simons' claims, such as identification of the lawyers who represented Simons, and the steps that Simons took to review the key agreement in the case, about which Simons claims he was uninformed or misled. Simons stonewalled the Interrogatories, refusing to provide even one proper response. Similarly, Simons interposed frivolous objections and gave non-responsive answers to Buchanan's Requests for

Admission, which are designed to narrow the issues for discovery and trial. The details of Simons' improper responses are set out below.

Simons' evasive and improper discovery responses are unfortunately not unexpected. In a related lawsuit involving the transactions that underlie this case, the Philadelphia County Court of Common Pleas entered an order on November 15, 2021 striking Simons' pleadings as a sanction for his failure to provide proper discovery responses.[1] Simons cannot be allowed to continue his discovery obstruction in this case. The Court should order Simons to fully respond to Buchanan's Interrogatories and Requests for Admission as set forth below.

## BACKGROUND

Simons filed his Complaint on January 11, 2021, and filed an Amended Complaint on February 22, 2021. While the essence of Simons' claims is legal malpractice, the Amended Complaint alleged the following causes of action against Buchanan: breach of fiduciary duty (Count I), professional negligence (Count II), breach of contract (Count III), negligent misrepresentation (Count IV) and tortious interference with contractual relations (Count V). On February 28, 2022, the Court dismissed Counts III, IV and V against Buchanan.

Simons' claims relate to his business dealings with John Brown, with whom Simons owned a vending machine company called RDS Vending, LLC ("RDS"). In 2007, Simons sold fifty percent of RDS to Brown. Buchanan represented Brown in that acquisition, and Simons was represented by separate counsel.

As part of the acquisition, Brown and Simons signed a Put and Call Agreement (the "Agreement") that gave Simons the right to "put" his remaining 50% interest in RDS to Brown to force Brown to buy him out, and gave Brown the right to "call" Simons' share of RDS to force

---

[1] *See* Exhibit A hereto.

Simons to sell. The Agreement was subsequently amended three times, in 2011, 2015 and 2016. Simons bases his claims in this case on Amendment II to the Agreement ("Amendment II").

The language of the Agreement established variable periods of time when Simons could exercise his rights ("Put Period"), and differing periods when Brown could exercise his rights ("Call Period"). The Agreement also set the dates upon which RDS would be valued ("Valuation Date"), which varied based upon circumstances and differed between the put rights and the call rights. The essence of Simons' claims in this case is that the Valuation Date of his Put Option was changed in Amendment II in ways which: a) Simons did not understand, and b) were detrimental to Simons when he exercised his Put Option in 2020. *See* Amended Complaint at ¶ 2. Simons claims that Buchanan represented him in connection with Amendment II, which is blatantly false. Simons is also in possession of documents clearly indicating Buchanan played no role in the change at issue.

Buchanan served its First Set of Interrogatories and First Set of Requests for Production of Documents on Simons on November 30, 2022. After requesting and being granted an extension, Simons responded to this discovery on January 14, 2022. Buchanan also served a Second Set of Requests for Admission on Plaintiff on December 28, 2021, to which Plaintiff responded on January 26, 2022.

Simons' responses to Buchanan's Interrogatories and Requests for Admission are seriously deficient, as set forth below.[2] On January 21, 2022, Buchanan's counsel wrote to Simons' counsel in an attempt to resolve the dispute over the deficient Interrogatory responses.[3] Counsel for

---

[2] Buchanan received an initial document production from Plaintiff on March 1, 2022, but that document production does not appear to be complete. Buchanan reserves the right to seek appropriate relief once Buchanan receives and reviews Plaintiff's complete document production.

[3] *See* Exhibit B hereto.

Buchanan and Plaintiff then spoke by telephone regarding the Interrogatories and Requests for Admission on February 7, 2022, but were unable to resolve the dispute. Counsel for Buchanan followed up on this call by email on February 23, 2022, but Simons' counsel never responded to that email.[4]

## ARGUMENT

### A.    Applicable Legal Standards

"It is axiomatic that the purpose of discovery is to make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible, as well as to narrow and clarify the issues in dispute." *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (citations and quotations omitted). Parties must provide true, explicit, responsive, complete, and candid answers to interrogatories. *See* Fed. R. Civ. P. 33(b)(1) (party must answer each interrogatory "fully"). If a party is unable to supply the requested information, the party may not simply refuse to answer, but must state under oath that he is unable to provide the information and "set forth the efforts he used to obtain the information." *Milner v. National School of Health Tech.*, 73 F.R.D. 628, 632 (E.D.Pa.1977); 4A James W. Moore, Moore's Federal Practice ¶¶ 33.25, 33.26 (2d ed.1996).

Federal Rule of Civil Procedure 36(a)(4) provides, with regard to answering requests for admissions, that "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

---

[4] *See* Exhibit C hereto.

4

A party who has received incomplete or improper answers to discovery requests may move for an order compelling discovery. Fed. R. Civ. P. 37(a)(1), (4). An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.*

**B.    Simons Should be Compelled to Answer Fully Buchanan's Interrogatories**

Buchanan's First Set of Interrogatories contain nine (9) Interrogatories that seek basic information related to Simons' claims. Simons gave evasive and improper responses to each Interrogatory.[5]

**Simons' improper responses under Fed. R. Civ. P. 33(d)**

Buchanan's Interrogatories Nos. 1, 2, and 9 asked Simons to identify: the communications between Simons and Buchanan regarding the relevant contracts; the lawyers who represented Simons with respect to these contracts, and; the steps that Simons took to review those contracts.

Simons responded to each of these Interrogatories by stating "pursuant to Federal Rule of Civil Procedure 34(b), the answer to this Interrogatory may be determined by examining the records that are produced herewith, and the burden would be substantially the same for either party."[6] It appears that Simons intended to reference Fed. R. Civ. P. 33(d), which provides: "[i]f the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient

---

[5] Simons' Responses to Buchanan's First Set of Interrogatories are attached hereto as Exhibit D.
[6] Simons cited to "Federal Rule of Civil Procedure 34(b)," but that Rule governs the procedure for responding to requests for production of documents and says nothing about answering Interrogatories.

detail to enable the interrogating party to locate and identify them as readily as the responding party could . . . ." Simons' responses fail to comply with Rule 33(d), however.[7]

Rule 33(d) requires that a party who responds to Interrogatories by referring to business records, must "specify the records from which the answer may be derived or ascertained. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." F. R. Civ. P. 33(d).  "Although [Rule 33(d)] permits [a party] to respond to . . . interrogatories with reference to a business record, Rule 33(d) does not serve to eviscerate Rule 33's requirement of specificity when responding to interrogatories." *Harry M. v. Pennsylvania Dep't of Pub. Welfare*, No. 1:10-CV-922, 2011 WL 53047, at *1 (M.D. Pa. Jan. 7, 2011)

Simons did not "specify the records that must be reviewed." Instead, he simply referred to unidentified "records that are produced herewith."[8] This response falls far short of the specificity required by Rule 33(d). *See, e.g., Kalp v. Life Ins. Co. of N. Am.,* No. CIV. A. 08-1005, 2009 WL 261189, at *9 (W.D. Pa. Feb. 4, 2009) ("it is 'an abuse' of Rule 33(d) for a party to respond to an interrogatory 'by directing the interrogating party to a mass of business records or by offering to make all of their records . . . the "responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.") (citations omitted). Simons also failed to comply with Rule 33(d) because he made no attempt to show that the burden of ascertaining this information from documents is the same for Buchanan as it is for him. *Id.*

Simons must be compelled to give complete responses to Interrogatories Nos. 1, 2, and 9 or identify - by Bates number or other similar means - the documents that contain the information

---

[7] Simons gave the same improper response to Interrogatory No. 8. This Interrogatory is moot, however, as it related to Simons' breach of contract claim that has since been dismissed.
[8] Simons did not produce records with his Interrogatory answers. He has since made a partial document production.

that Simons claims is responsive to each Interrogatory. *See, e.g., Harry M. v. Pennsylvania Dep't of Pub. Welfare*, 2011 WL 53047, at *1 (granting motion to compel and requiring responding party to give specific direction to the documents that allegedly contained responsive information, the Court held that Rule 33(d) "require[s] parties to guide the interrogating party to responsive documents by providing sufficient detail to enable the interrogating party to locate the documents.")

### Simons' improper "contention interrogatory" objections

Simons also improperly objected to Interrogatories Nos. 2-7 and 9 on the grounds that they were premature contention interrogatories. These objections are baseless, and should be stricken with a requirement that Simons fully answer the Interrogatories.

First, the Interrogatories at issue are not contention interrogatories. "Contention interrogatories have been defined as: any question that asks another party to indicate what it contends ... whether it makes some specified contention ... to state all the facts on which it bases some specified contention ... to take a position, and then to explain or defend that position, with respect to how the law applies to facts ... [or] to spell out the legal basis for, or theory behind, some specified contention." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. 228, 229 (E.D. Pa. 2014).

Here, Interrogatory No. 2 asked Simons to identify the lawyers or law firms that represented him in connection with the Put-Call Agreement and its amendments. *See* Exhibit __ at 3. Simply asking the plaintiff in a legal malpractice case to identify the counsel who represented him in connection with the relevant transaction is not a contention interrogatory. Likewise, Interrogatory No. 9 asked Simons to state the steps that he took to review the Second Amendment

of the Put-Call Agreement, or to otherwise familiarize himself with its terms. This Interrogatory seeks purely factual information and is not a contention interrogatory. *Id.*

Interrogatories Nos. 4-7 asked Simons to state the valuation of his Put Option as of several different valuation dates, including the dates that Simons claims were proper. This factual information is relevant to Simons' damages claim. Indeed, based on the correct valuation date, Simons suffered no damages as a result of the conduct on which he bases his claims, a fact which will be fatal to his claims. *See, e.g.,* Opinion on Motion to Dismiss at 11 ("An essential element of a legal malpractice claim is proof of actual loss rather than a breach of a professional duty causing only nominal damages, speculative harm or the threat of future harm.")

Second, to the extent that Interrogatories Nos. 3-7 could be considered to be contention interrogatories, no good cause exists to delay Simons' responses to later in the lawsuit. The moving party bears the burden to show "that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Domestic Drywall Antitrust Litig.*, 300 F.R.D. at 229 (citing *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D.Pa.1992)). To satisfy this burden, the moving party can show that "there is good reason to believe that answers to its well-tailored questions will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussion, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." *Fischer & Porter Co. v. Tolson*, 143 F.R.D. 93, 96 (E.D. Pa. 1992) (citing *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 339-341 (N.D. Cal. 1985)).

In light of the particular circumstances of this case, it is not premature for Simons to answer discovery relating to his damages claims and theories. This case is more than a year old already. More importantly, Simons and John Brown have been engaged for several years in an arbitration

proceeding that is centered on the proper value of Simons' Put Option. In the course of that arbitration, discovery has been conducted, and the case is at the summary judgment stage. Simons must have calculated the value of his Put Option as of various dates in connection with the arbitration proceeding.

Moreover, Simons must have calculated the value of his Put Option as of the differing Valuation dates before he brought this suit. Otherwise, Simons would have no basis for his allegations that "changing the formula for the Valuation Date. . . changed the [value of the Put Option] by millions of dollars. . . ." Amended Complaint at ¶ 1. Requiring Simons to answer these questions now is consistent with Federal Rules of Civil Procedure 11 and 36. *See, e.g., Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997) (compelling Plaintiff to answer "factual contention interrogatories," including questions relating to damages claim.)

### C.   Simons Should Be Compelled to Fully Respond to Buchanan's Requests for Admission

Buchanan's Second Set of Requests for Admission (the "RFAs") are intended to narrow the issues for trial. The RFAs ask Simons to confirm information relating to the drafting and negotiation of Amendment II. This information, which is largely drawn from documents produced by Royer Cooper, shows that the language of Amendment II on which Simons basis his claims was drafted by Royer Cooper, at the direction of Simons and his son with no input from or involvement with Buchanan. Moreover, the changes made in Amendment II provided Simons with the possibility of an increase to the value of his Put Option depending on when he exercised the

Option. Buchanan also asked Simons to confirm that he had no contact with Buchanan lawyers during the negotiations. Simons responses to the RFAs fail to comply with Rule 36.[9]

**Simons' improper responses that documents "speak for themselves"**

Simons answered nearly 30 of the RFAs by stating that the documents referenced in the RFA "speaks for itself." *See* Exhibit E at Nos. 1, 3-12, 16-18, 27, 29-33, 35-37 and 40-45. These RFAs asked Simons to admit that certain documents were sent or received (*see, e.g.,* Nos. 11, 16), or to admit certain language appears in a document (*see, e.g.,* Nos. 29, 30). Simons' non-response that the documents "speak for themselves" violate Rule 36, as numerous Courts have held. *See, e.g., York Grp., Inc. v. Pontone*, No. 2:10-CV-1078-JFC, 2012 WL 12895535, at *3 (W.D. Pa. Nov. 30, 2012) ("a response stating that a document speaks for itself is a 'wholly inappropriate response to a request for admission.'") (citations and quotations omitted); *Rhone-Poulenc Rorer, Inc. v. Home Indem. Co.*, No. CIV. A. 88-9752, 1992 WL 394425, at *10 (E.D. Pa. Dec. 28, 1992) ("Revlon's final sentence in its response is: 'By way of further response, the memorandum, being a writing, speaks for itself.' This is a wholly inappropriate response to a request for admission. Requests for admissions are different from interrogatories. A party is not free to simply refer to other material, but must admit, deny, deny in part and admit in part, or state that it is unable to admit or deny the statement."); *Jones v. Univ. of Memphis*, No. 215CV02148JPMCGC, 2016 WL 6123510, at *2 (W.D. Tenn. Sept. 23, 2016), report and recommendation adopted, No. 15-CV-02148-JPM-CGC, 2016 WL 6109407 (W.D. Tenn. Oct. 19, 2016) ("stating a document 'speaks for itself' is not a sufficient response to meet the requirements of Rule 36(a)(4) and . . . is not acceptable.") (citations and quotations omitted).

---

[9] Simons Response to the RFAs is attached hereto as Exhibit E.

It is entirely proper for Buchanan's RFAs to ask Simons to admit facts pertaining to documents, including that certain language appears in the documents. "[I]f the request for admission quotes a documents and asks the other party to admit that the document contains the material quoted, it should be admitted if the quotation is accurate and denied if it is not. The tautological "objection" that the finder of fact can read the document for itself to see if the quote is accurate is not a legitimate objection but an evasion of the responsibility to either admit or deny a request for admission." *Miller v. Holzmann*, 240 F.R.D. 1, 4 (D.D.C. 2006); *see also Guinan v. A.I. duPont Hosp. for Child.,* No. CIV.A. 08-228, 2008 WL 938874, at *5 (E.D. Pa. Apr. 7, 2008) ("A request that quotes directly from a document, and asks the opposing party to admit that the documents contain those statements is proper."); *York Grp., Inc. v. Pontone,* 2012 WL 12895535 at *3 ("It is an appropriate use of RFAs to ask a Party to admit that a document contains certain language or provisions.") Simons' improper responses to the foregoing RFAs should be stricken and he should be ordered to provide proper responses that comply with Rule 36.

**Simons' improper failure to respond for lack of information**

With respect to certain other RFAs, primarily those that asked Simons to admit that he had no contact with Buchanan lawyers about the negotiations of Amendment II, Simons gave incomplete non-responses stating that he lacked information needed to answer, or that he had no recollection of the relevant facts. *See* Exhibit E at RFAs Nos. 13-15, 23, 34, 38 and 46-49. For example, when asked to admit that Simons did not share certain draft document with Buchanan, Simons stated: "Simons responds that he cannot truthfully admit or deny this Request because he has no independent record or recollection of how [the document] was shared with Buchanan and Brown, but obviously it was shared with Buchanan and Brown." *Id.* at No. 15.

11

It is highly improbable that Simons lacks any recollection of these facts which hurt his case. More importantly, Simons' responses to these RFAs are improper because Simons fails to indicate that he made a reasonable inquiry to ascertain the information needed to respond. "Rule 36 permits a party to answer a request for admission on the grounds that it lacks knowledge or information but . . . '[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.'" *Rubinstein v. Music Sales Corp.*, No. 19-CV-11187 (LJL), 2021 WL 3374539, at *4 (S.D.N.Y. Aug. 3, 2021), citing Fed. R. Civ. P. 36(a)(4); *Handy v. Palmiero*, No. CV 17-3107, 2019 WL 3973711, at *3 (E.D. Pa. Aug. 22, 2019), *aff'd*, 836 F. App'x 116 (3d Cir. 2020) (same); *Inventio AG v. Thssenkrupp Elevator Americas Corp.*, No. 08-874, 2013 WL 12133902, at *2 (D. Del. July 29, 2013) ("inherent in Rule 36 is the requirement that the responding party make a good faith effort to obtain information so he can admit or deny the request.") Simons failed to state that he made any inquiry before claiming lack of knowledge to respond to RFAs Nos. 13-15, 23, 34 and 38. His responses should be stricken and he should be compelled to respond in compliance with Rule 36. *See, e.g., LightStyles, Ltd., ex rel. Haller v. Marvin Lumber & Cedar Co.*, No. 1:13-CV-1510, 2014 WL 6982918, at *1 (M.D. Pa. Dec. 9, 2014) (a response that fails to include the language that a "reasonable inquiry" was made is deficient.)

**<u>Simons' deficient responses to RFAs regarding meetings</u>**

Simons also failed to properly respond to RFAs Nos. 21, 22, 24 and 39, which asked Simons to admit that he attended certain meetings, or that a call took place between Royer Cooper and Simons' son. Simons' responses to these RFAs did not admit or deny the request, but instead stated that the meetings or calls were referenced in certain documents. *See, e.g.,* Exhibit E at RFA

12

No. 21 ("Simons admits only that according to RCCB 65, Karen Corliss sent an email to Alan Simons, Barry Cohen and Warren Simons stating 'attached is a revised draft of the Amendment, reflecting the changes we discussed yesterday. . . .'")

These responses are improper, since Simons neither admits nor denies the substance of the RFA, which asked Simons to admit that the meetings or calls took place. *See, e.g.,* Fed. R. Civ. P. 36(a)(4) (if a party does not admit a request for admission, it "must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."). Answers that neither admit nor deny the Request as phrased are improper. *See, e.g, Rowe v. E.I. duPont de Nemours & Co.*, No. CIV.06-1810-RMD-AMD, 2008 WL 4514092, at *4 (D.N.J. Sept. 30, 2008) ("DuPont neither admits nor denies RFAs 34, 36 and 37 as phrased.") Simons' responses to RFAs. Nos. 21, 22, 24 and 39, should be stricken and he should be compelled to provide proper responses.

## CONCLUSION

For all of the foregoing reasons, Buchanan's Motion to Compel should be granted.


BUCHANAN INGERSOLL & ROONEY PC


*/s/      Gerald E. Burns*
Gerald E. Burns (Pa. Id. No. 59466)
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA  19102
(215) 665-8700
gerald.burns@bipc.com
*Attorney for Defendant*
*Buchanan Ingersoll & Rooney PC*